SOLMS *v.* SOLMS.

1. DIVORCE — CUSTODY OF CHILDREN — MODIFICATION OF DECREE JUSTIFIED BY EVIDENCE.

Evidence that plaintiff, a divorced wife, is now happily married and living in a respectable neighborhood and conforming to the rules of propriety and society, *held*, to justify an order of the court below modifying the decree of divorce so as to allow her to see her three boys, whose custody was awarded to the husband, every other Saturday instead of every two months.

2. SAME—PROOF OF PREVIOUS IMMORALITY PROPERLY REJECTED.

In view of the court's finding that plaintiff is now re-married and living a respectable life, proffered proof by defendant of her immoral conduct since the divorce was granted and prior to her last marriage, *held*, properly rejected.

Appeal from Wayne; Mayne (Frederick J.), J., presiding.   Submitted October 17, 1923.   (Docket No. 154.)   Decided December 19, 1923.

Bill by Florence J. Solms against Frederick C. Solms for a divorce: On petition of plaintiff for modification of the decree.   From an order modifying the decree, defendant appeals.   Affirmed.

*Edward Pokorny* (*Miller, Baldwin & Boos*, of counsel), for plaintiff.

*Charles H. Hatch*, for defendant.

BIRD, J.   These parties were divorced in April, 1918, upon application of plaintiff.   Defendant made no defense.   They were given joint custody of their three boys.   A year later defendant filed a petition to modify the decree with reference to the custody of

On modification of divorce decree because of changed conditions, see note in 44 L. R. A. (N. S.) 1026.

the boys.    In November, 1919, after a hearing, the court modified the decree, providing that plaintiff should have a right to see her boys every two months, beginning with Saturday, January 17, 1920, from 1:30 p. m. to 8 p. m.    This order continued in force until July 9, 1923, save for short periods when temporary orders were in force.    Upon a showing by plaintiff the decree was again amended on July 9, 1923, giving plaintiff the right to see and visit with her boys every other Saturday afternoon.    It appears from the several petitions, affidavits and depositions that from the time of the granting of the divorce down to her last marriage plaintiff has had a somewhat checkered career.    Following her divorce from defendant she married again, but was soon divorced, and after that lived with another man without being married to him.    In December, 1922, she married her present husband, Mr. Griswold.    He appears to be a substantial business man, and, since their marriage, they have been living in a respectable neighborhood in Detroit, and conforming with the rules of propriety and society.    This fact led the court to modify the amended decree by allowing plaintiff the right to see her boys every other Saturday afternoon.    His view was "that the children were now at an age when it ought not to be impressed upon them that their mother is a wanton woman, or that she is a woman of immoral character."    From this amended decree defendant appeals.

1. From the history of this case disclosed by the record we are inclined to agree with the modified decree.    No good can come to the boys nor to society in having the boys grow to manhood imbued with the knowledge that their mother was, and is, an immoral woman.    No possible harm could come to the boys by spending a few hours with their mother every two weeks, inasmuch as she now appears to be surrounded

by proper influences, and living in a respectable neighborhood. We do not understand that any serious criticism is made of plaintiff's conduct since her marriage to Mr. Griswold. All the testimony offered by defendant, or nearly all, relates to her conduct prior to her marriage with Griswold. When women who are sexually immoral find a congenial and attentive mate and a good home, they are inclined to modify and improve their mode of living. So far as the record discloses this change appears to have come to plaintiff. It will make both plaintiff and her boys happier and better to see each other every other Saturday afternoon.

2. Serious complaint is made because the chancellor would not permit defendant to place upon the record evidence of plaintiff's immoral conduct prior to her marriage with Mr. Griswold. In view of the chancellor's conclusion to modify the decree on the ground that plaintiff was remarried and living a respectable life, we think the proffered proofs were immaterial and properly rejected. Especially is this so in the instant case, because the chancellor who heard this motion granted the original decree, and subsequently modified it, and was more or less familiar with the rejected proofs.

We think the matter was well disposed of, and the order modifying the decree will be affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.